## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**DOUGLAS BRENT**,                    )
                                      )
    Plaintiff,              )
                                      )       Case No. <u>3:21-cv-729-RGJ</u>
v.                                    )
                                      )       Removed from:
**PACIFIC SUNWEAR STORES, LLC,**      )       Jefferson Circuit Court
                                      )       Civil Action No. 21-CI-006418
    Defendant.             )
                                      )
                                      )

## <u>NOTICE OF REMOVAL</u>

Pursuant to <u>28 U.S.C. §§ 1441</u> and <u>1446</u>, Defendant Pacific Sunwear Stores, LLC, ("Pacsun" or "Defendant"), by and through counsel, hereby respectfully appears for the purpose of removing to the United States District Court for the Western District of Kentucky at Louisville the action styled *Douglas Brent v. Pacific Sunwear Stores, LLC*, Civil Action No. 21-CI-006418 (the "State Court Action"), currently pending in Jefferson Circuit Court, Louisville, Kentucky. As grounds for the removal, Defendants state as follows:

1.    Plaintiff Douglas Brent ("Plaintiff") initiated litigation against Defendants on November 9, 2021, by filing his Complaint in the State Court Action. Defendant was served on November 15, 2021. Plaintiff's Complaint (the "Complaint") filed in State Court, plus written discovery requests[1] contemporaneously filed, comprise the State Court Record, attached collectively hereto as **Exhibit A**.

---

[1] Upon removal of a matter to federal court, state court discovery requests served prior to removal in state court become null and void.

2.      In his Complaint, Plaintiff purports to plead two claims: (1) unlawful retaliation under the KCRA and (2) race discrimination under the KCRA.

3.      Pursuant to 28 U.S.C. §§ 1441 and 1446, the State Court Action may be properly removed to this Court at any time within thirty (30) days from Defendants being served with Plaintiff's Complaint and Summons. Defendant timely files this removal within thirty (30) days of service.

## DIVERSITY OF CITIZENSHIP

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

5.      For diversity purposes, an LLC's citizenship is determined by the "citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (citations omitted).  Defendant Pacsun is a limited liability company under the laws of the state of California with its principal place of business in Anaheim, California.  Pacsun is a wholly owned subsidiary of Pacific Sunwear of California, LLC ("Pacsun California"), and thus, Pacsun California is Pacsun's sole member.  Pacsun California is a California limited liability company with its principal place of business in California.  Pacsun California is a wholly owned subsidiary of Pacific Sunwear Parent ("Pacsun Parent"), and thus, Pacsun Parent is Pacsun California's sole member.  Pacsun Parent is a Delaware limited liability company with its principal place of business in Delaware.  Pacsun Parent is a wholly owned subsidiary of Eddie Bauer Parent LLC ("Eddie Bauer Parent"), and thus, Eddie Bauer Parent is Pacsun Parent's sole member.  Eddie Bauer Parent is a Delaware limited liability company with its principal place of business in

2

Delaware.  Eddie Bauer Parent is a wholly owned subsidiary of Everest Holdings LLC ("Everest Holdings"), and thus, Everest Holdings is Eddie Bauer Parent's sole member. Everest Holdings is a Delaware limited liability company with its principal place of business in Delaware.  Everest Holdings is a wholly owned subsidiary of PSEB LLC, and thus, PSEB LLC is Everest Holdings' sole member.  PSEB LLC is a Delaware limited liability company with its principal place of business in Delaware.  PSEB LLC is a wholly owned subsidiary of PSEB Holdings LLC ("PSEB Holdings"), and thus, PSEB Holdings is PSEB LLC's sole member.  PSEB Holdings is a Delaware limited liability company with its principal place of business in Delaware.  PSEB Holdings is a wholly owned subsidiary of Everest Topco LLC ("Everest Topco"), and thus, Everest Topco is PSEB Holdings' sole member.  Accordingly, Defendant is a citizen of the state of either California or Delaware.

6.      Based upon the Complaint and Plaintiff's representations, he is a citizen of the Commonwealth of Kentucky.  He resides in Louisville, Kentucky and worked at Defendant's Louisville location from March 2021 to November 2021. *See* **Exhibit A** at Complaint ¶¶ 1, 4.

7.      Thus, the parties are completely diverse for the purposes of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS

8.      The damages claimed by Plaintiff exceed $75,000, exclusive of interest and costs.

9.      While Plaintiff states in his Complaint that he is not seeking damages in excess of $75,000, **Exhibit A** at Complaint ¶ 3, that unverified and unenforceable allegation should not control as to the amount in controversy.  The Kentucky Rules of

Civil Procedure permit Plaintiff to state in the Complaint that he seeks less than $75,000, but later seek and recover damages exceeding that amount. *See* CR 54.03(2); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (when a state enables a plaintiff to claim in his complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for, the removing defendant must show it is more likely than not that the plaintiff's claims meet the amount in controversy).

10.     If Plaintiff really desired to limit his potential damages, he had every opportunity to file a Stipulation of such limitation in State Court with his Complaint. Plaintiff's unverified and unenforceable allegation in his Complaint, when viewed against his highly transparent failure to file a Stipulation permitting enforcement of a damages limitation, amounts to blatant gamesmanship that this Court should not endorse. Either Plaintiff should file a Stipulation with his Complaint, or he should be held to the removal jurisdiction of this Court.

11.     Even if Plaintiff were to attempt to file a post-removal stipulation stipulating that the amount in controversy is less than $75,000, that would not suffice to defeat federal diversity jurisdiction. *See Rogers*, 230 F.3d at 872 (holding that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction").

12.     Here, at a minimum, Plaintiff seeks to recover damages for past and future lost wages, past and future lost benefits, "compensatory damages including but not limited to emotional distress, mental anguish, humiliation[,] and embarrassment," attorney fees, and punitive damages.  **Exhibit A** at Complaint ¶¶ C-F.

4

13.     Plaintiff worked full-time as an Assistant Manager, earning $14.00 per hour. Accordingly, his annualized wages amount to $29,120.00.  Where Plaintiff filed his lawsuit on November 9, 2021 and this matter is being removed to federal court now, it is reasonable to presume that, even under an expedited schedule, any trial would not occur prior to eighteen months in the future.  By that trial date, then, his back pay damages alone will total at least $43,680.00, exclusive of interests and costs. Plaintiff is also seeking recovery of future lost wages. **Exhibit A** at Complaint ¶ C. While Plaintiff has not specified a time period for which he seeks front pay, even assuming conservatively that he seeks only to recover two years' worth of front pay results in an estimated amount in controversy on front pay alone of approximately $58,240.00.  Thus, the total amount of back and front pay in controversy, even by a conservative calculation, will exceed $101,920.00 at the time of trial.

14.     Plaintiff also seeks compensatory damages for alleged "emotional distress, mental anguish[,] and embarrassment."  **Exhibit A** at Complaint ¶ D. While Defendant denies that Plaintiff's allegations are true and that he is entitled to any damages, Kentucky lawsuits have resulted in as much as $1,570,805 and $1,319,805 for separate plaintiffs making similar claims. *See Kentucky Lottery Corp. v. Riles*, No. 2004-CA-001053-MR, 2007 WL 1785451, at *1 (Ky. Ct. App. June 8, 2007) (two plaintiffs alleged they had suffered race discrimination, including being subjected to different terms and conditions of employment, and the jury entered a verdict in the plaintiffs' favor*); See, e.g. Cohen v. Jewish Hosp. Healthcare Srvcs.*, 2008 WL 5244831 (Ky. Cir. Ct. 2008) (jury award of $657,257 on claims of employer's race discrimination).

15.     Additionally, the amount in controversy requirement is met by Plaintiff seeking attorney's fees authorized by statute. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Carrollton Hospitality LLC v. Kentucky Insight Partners II LP*, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (slip copy) (holding that estimated attorney fees of close to 50% of damages claimed is "not an unreasonable estimate" for purposes of determining the amount in controversy).  While plaintiffs often recover in excess of $100,000 in multiple-claim matters such as this one, Defendant conservatively incorporates only $50,000 in attorney fees to the amount in controversy.

16.     All told, removal is proper because the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

17.     In summary, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### SUPPLEMENTAL JURISDICTION

18.     To the extent the Court disagrees that it possesses either federal question or diversity jurisdiction over any claim pled by Plaintiff, the Court has supplemental jurisdiction over these claims.

19.     Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III

of the United States Constitution." *See* 28 U.S.C. § 1367(a). Specifically, all claims asserted by Plaintiff relate to the same alleged events – alleged mistreatment of Plaintiff regarding his employment with Defendant.

20.    None of the four bases for declining supplemental jurisdiction set out in 28 U.S.C. § 1367(c) exist in this case because (1) the claims are neither novel, nor complex; (2) none of the claims "substantially predominate" over the other; (3) original jurisdiction has been established for a claim; and (4) there are no exceptional circumstances.

21.    Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of Jefferson Circuit Court, Louisville, Kentucky.

**WHEREFORE**, Defendants pray that this Court assume control over this action as it has been properly removed on the grounds of diversity jurisdiction, and, if necessary, supplemental jurisdiction.

This the 6th day of December, 2021.

Respectfully submitted,

*/s/ Jessica Wimsatt*
LaToi Mayo
Jessica Wimsatt
**LITTLER MENDELSON, P.S.C.**
333 West Vine Street, Suite 1720
Lexington, Kentucky 40507
Telephone: (859) 317-7970
Facsimile: (859) 259-0067
Email: lmayo@littler.com
       jwimsatt@littler.com
       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of December, 2021, the foregoing was electronically filed with the Clerk of the Court using the Court's electronic filing system, with a copy being provided electronically to Plaintiff's counsel:

Kurt A. Scharfenberger (kurt@scharfenberger-law.com)
9000 Wessex Place, Suite 204, Louisville, KY 40222


/s/ Jessica Wimsatt
Counsel for Defendant